NO. 4-07-0945          Filed 3/28/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: T.P., Q.P., and A.P., Minors, | ) | Appeal from |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
|      Petitioner-Appellee, | ) | Champaign County |
|      v. | ) | No. 06JA43 |
| DANNELLE PASLEY, | ) | |
|      Respondent-Appellant. | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In December 2007, the trial court found respondent mother, Dannelle Pasley, to be an unfit parent and ruled it was in the best interest of T.P., A.P., and Q.P. to terminate Dannelle's parental rights. Dannelle appeals, contending the trial court failed to consult with the minors regarding the permanency goals set for the minors as required by section 2-28(2) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-28(2) (West 2006)). We affirm.

On July 13, 2006, the State filed a three-count supplemental petition for wardship alleging T.P. (born May 12, 2004), A.P. (born April 14, 2005), and Q.P. (born May 4, 2006) were neglected minors because (1) Dannelle abandoned them without a proper plan of care; (2) their environment was injurious to their welfare when they resided with Dannelle and Michael Pasley because their environment exposed them to substance abuse; and

(3) their environment was injurious to their welfare when they resided with Dannelle and/or Michael Pasley because their environment exposed them to substance abuse. That same day, the trial court found the minors to be neglected due to all three grounds alleged. On August 9, 2006, the minors were made wards of the court and placed in the custody and guardianship of the Illinois Department of Children and Family Services.

On June 1, 2007, the State sought to terminate parental rights as to all three minors. The petition alleged Dannelle was unfit because (1) she failed to make reasonable efforts to correct the conditions that were the basis for the removal of the minors from her; (2) she failed to make reasonable progress toward the return of the minors within the initial nine-month period following the adjudication of neglect; and (3) she failed to maintain a reasonable degree of interest, concern, or responsibility as the welfare of the minors.

On August 23, 2007, the trial court found Dannelle unfit on all three grounds alleged in the petition to terminate parental rights. On December 11, 2007, Dannelle's parental rights were terminated. Following the termination of Dannelle's parental rights, the trial court changed the permanency goal for the minors to adoption. This appeal followed. (The father's parental rights were also terminated, but he is not a party to this appeal.)

On appeal, Dannelle contends the trial court erred when it changed the permanency goal of the minors to adoption without first consulting with the minor children as required by section 2-28(2) of the Act.

Section 2-28(2) covers court review of custody or guardianship placements of minors subject to the Act. At such permanency hearings, the trial court determines the future status of the minors. The Act provides, in pertinent part:

"The court shall set a permanency goal that is in the best interest of the child. In determining that goal, the court shall consult with the minor in an age-appropriate manner regarding the proposed permanency or transition plan for the minor." Pub. Act 95-10, §10 (eff. June 30, 2007) (2007 Ill. Legis. Serv. 70, 81 (West)), amending 705 ILCS 405/2-28(2) (West 2006).

The requirement a trial court consult with a minor regarding a change in permanency status was added by amendment effective June 30, 2007.

The trial court in this case did not consult with the minor children prior to changing their permanency goal to adoption.

While section 2-28(2) requires consultation with the

minors involved before changing their permanency status, this consultation is to be conducted in "an age-appropriate manner." In this case, at the time of best-interest hearing at which the trial court set a permanency goal of adoption for the children, following termination of Dannelle's parental rights, T.P. was 3 1/2 years old, A.P. was 2 1/2 years old, and Q.P. was 1 1/2 years old. We are unaware of any age-appropriate consultation the trial court could have undertaken with minor children of such tender age. The failure to consult with the minors prior to changing their permanency status was not a violation of section 2-28(2) in this case.

It could also be argued Dannelle had no standing to assert the violation of this statute as her parental rights had already been terminated when the trial court made the change in permanency status without consulting the minors. We need not determine her exact interest in this case as we find no violation of the statute in question.

For the reasons stated, we affirm the trial court's orders finding Dannelle to be an unfit parent and terminating her parental rights.

Affirmed.

APPLETON, P.J., and MYERSCOUGH, J., concur.